IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STEPHEN R. JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 5:22-CV-016-H-BQ |
| v. § | |
| § | |
| DEPT. OF VETERAN'S AFFAIRS, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Stephen R. Jackson sues the Department of Veterans Affairs (VA) under the Federal Tort Claims Act (FTCA). Compl. 1–3, ECF No. 1; *see* Questionnaire 1, ECF No. 10.[1] The VA now moves to dismiss Jackson's claims under Fed. R. Civ. P. 12(b)(1). Mot. 1, ECF No. 17. The VA argues that it is immune from suit under the FTCA, and the Court must therefore dismiss Jackson's claims. *Id.* at 1–3. Jackson did not file a response to the VA's motion, and the time to do so has now expired.

In an FTCA claim, the United States is the only proper defendant. Because Jackson cannot maintain suit against the VA—as opposed to the United States—under the FTCA, the undersigned recommends that the United States District Judge **GRANT** the VA's Rule 12(b)(1) motion and dismiss without prejudice Jackson's FTCA claims for lack of subject matter jurisdiction. The undersigned further recommends, however, that the United States District Judge permit Jackson the opportunity to file an amended complaint naming the proper defendant.

---

[1] Page citations to Jackson's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

I.    **Background**

A. **Jackson's Allegations**

Jackson alleges that on December 7, 2020, he discovered that the VA pharmacy in Amarillo, Texas, had not correctly filled his prescription medication, Ropinerole. Compl. 4; Questionnaire 3. He apparently tried to resolve the error with the pharmacy, but in the interim he "was required to reduce the small remainder of prescription on hand to once a day resulting in the painful symptoms of restless leg syndrome." Compl. 4. Between January 13 and January 18, 2021, Jackson asserts he took the reduced dosage before running out of medication completely. *Id.* at 4–5; Questionnaire 4. According to Jackson, approximately seven more days passed before the pharmacy was able to refill the prescription—he had no medication during this period. Compl. 5; Questionnaire 4.

Jackson contends that during the time he was taking the reduced dosage or no medication (approximately January 13 through January 25, 2021), he suffered, among other symptoms, "involuntary muscle contraction and intermittent loss of muscle control in one or both legs accompanied by sharp jolting pain," causing him to lose sleep. Questionnaire 4.

Jackson maintains that on December 7, 2021, he presented his tort claim to the VA legal department in Amarillo, but he never received a written denial. *Id.* at 1–2. Instead, Jackson alleges "*after* the required 6 months had tolled," an attorney "sent a stipulation proposal for [his] review," which Jackson rejected. *Id.* at 2 (emphasis added). Thereafter, Jackson filed suit in this Court seeking monetary damages against the VA. Compl. 1–2, 4.

B. **The VA's Motion to Dismiss**

The VA asserts that "[t]he United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented to the suit." Mot. 2 (citing *Block v. North Dakota*

*ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)). The VA argues that under the FTCA, Jackson can only maintain suit against the United States—not a federal agency such as the VA. *Id.* at 3. Thus, "Jackson has not identified any waiver of immunity that would permit [his] . . . suit to go forward against the VA." *Id.* at 2–3.

On this basis, the VA argues the Court lacks jurisdiction over Jackson's FTCA claims and must therefore dismiss them under Rule 12(b)(1). *Id.* Jackson did not file a response, and the motion is now ripe for review.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction" and can only adjudicate claims where jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court may properly dismiss a case "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

"Sovereign immunity and subject matter jurisdiction are distinct doctrines." *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995). "Sovereign immunity is," however, "jurisdictional in nature" and can be resolved on a Rule 12(b)(1) motion to dismiss. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *De Archibold v. United States*, No. 303CV1871-N, 2006 WL 763059, at *1 (N.D. Tex. Mar. 24, 2006) (stating that "the waiver of sovereign immunity is a fundamental prerequisite to subject matter jurisdiction").

In connection with a 12(b)(1) motion challenging the court's subject matter jurisdiction, a movant may make a facial or factual attack. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). Where, as here, the movant challenges the pleadings alone and does not attach evidence in support of its motion, the movant makes a facial attack. *See id.* The party responding to a 12(b)(1) motion—i.e., the party asserting jurisdiction—bears the burden of establishing that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

### III.  Discussion

Jackson expressly sues the VA. Compl. 1–2; Questionnaire 1. But the VA—as a federal agency—"is not the proper party to be sued under the FTCA." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). This is because "the FTCA vests the district courts with 'exclusive jurisdiction of civil actions on claims *against the United States* for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Id.* (quoting 28 U.S.C. § 1346(b)).

Based on this statutory language, "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Id.*; *see Atorie Air, Inc. v. Fed. Aviation Admin. of the U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States."). And because "a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed, and the administrative prerequisite cannot be waived." *Gibbs v. Miner*, No. 3:10–CV–00228–M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010), *R. & R. adopted by* 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of

jurisdiction." *Galvin*, 860 F.2d at 183; *see Atorie Air*, 942 F.2d at 957 (affirming dismissal for lack of subject matter jurisdiction as to all defendants other than the United States in connection with plaintiff's FTCA claims).

Jackson has not pleaded any facts suggesting Congress has consented to the VA being sued under the FTCA, nor did Jackson file a response to the VA's motion demonstrating otherwise. *See* Compl. 1–6; Questionnaire 1–6. Because Jackson has named the VA and not the United States as Defendant, the undersigned recommends that the district judge dismiss without prejudice the VA and all claims against it for lack of subject matter jurisdiction. *See, e.g., Johnson v. Fort Worth VA Clinic*, No. 4:21-cv-01080-O-BP, 2022 WL 1631989, at *4 (N.D. Tex. May 4, 2022) (recommending dismissal without prejudice for lack of subject matter jurisdiction plaintiff's FTCA claims against VA clinic), *R. & R. adopted by* 2022 WL 1624794 (N.D. Tex. May 23, 2022); *Johnson v. FBI*, No. H-16-1337, 2016 WL 9776489, at *4 (S.D. Tex. Nov. 17, 2016) (dismissing without prejudice for lack of subject matter jurisdiction plaintiff's FTCA claims against federal agencies); *Sereseroz v. Dep't of VA*, No. 3:14–CV–2723–M, 2014 WL 5297375, at *2 (N.D. Tex. Sept. 22, 2014) ("To the extent that [p]laintiff is asserting claims under the FTCA against the United States Department of Veterans Affairs and Secretary of Veterans Affairs Robert A. McDonald, those claims are clearly improper and must be dismissed for want of jurisdiction.").

Jackson, however, is proceeding pro se, and the Court must liberally construe his allegations. *Johnson*, 2022 WL 1631989, at *2. Other than arguing that Jackson has named the incorrect defendant, the VA makes no allegation that his claim suffers from another jurisdictional defect. *See* Mot. 1–3. The undersigned therefore finds that, although Jackson has not sought leave to do so, he should be provided an opportunity to amend his Complaint to correct the deficiency

identified by the VA.[2] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (observing that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *Johnson*, 2022 WL 1631989, at *4 (recommending the district judge "liberally construe [pro se plaintiff's] complaint as alleging an FTCA claim against the United States" and require plaintiff to file an amended complaint that, *inter alia*, "name[d] the United States as Defendant"); *see also Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *3 (N.D. Tex. July 13, 2016) (reasoning that "the [c]ourt need not consider whether it should *sua sponte* substitute the United States as the proper defendant, because, as to any [claim] denial by the VA that [was] not time barred, [plaintiff] failed to exhaust his administrative remedies prior to filing this action").

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** the Motion to Dismiss under Rule 12(b)(1) and **dismiss without prejudice** Jackson's FTCA claims against the VA for lack of subject matter jurisdiction. The undersigned further recommends that the United States District Judge permit Jackson an opportunity to amend his Complaint within fourteen days from any order adopting these findings, conclusions, and recommendation (FCR) to address the deficiency addressed by the VA and in this FCR. Should Jackson fail to file an amended complaint within that time period, the undersigned recommends

---

[2] Under the circumstances presented here, some courts have *sua sponte* substituted the United States as a defendant. *See, e.g., Sereseroz*, 2014 WL 5297375, at *2 (noting that where pro se plaintiffs named a federal agency rather than the United States under the FTCA, some courts have "added the United States as a defendant *sua sponte*, rather than dismiss *pro se* FTCA litigation" and citing cases in support). The undersigned finds, however, that such remedy is not appropriate here because Jackson did not respond to the VA's Motion to Dismiss, thereby raising the question as to whether Jackson wishes to continue prosecuting this case.

that the United States District Judge enter judgment dismissing this case without prejudice for lack of subject matter jurisdiction.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 14, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE